# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO RANDLE,<br><br>            Plaintiff,<br><br>   v.<br><br>CDCR,<br><br>            Defendant. | Case No.  1:26-cv-01253-FJS (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Ramello Randle ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on February 12, 2026.  (ECF No. 1.)  On February 17, 2026, the Court directed Plaintiff to submit an application to proceed *in forma pauperis* or pay the filing fee in full within thirty (30) days.  (ECF No. 5.)  On February 23, 2026, Plaintiff submitted a trust fund account statement, and on March 20, 2026, Plaintiff submitted a motion to proceed *in forma pauperis* and an updated copy of his trust fund account statement.  (ECF Nos. 6, 7.)

Plaintiff is subject to the "three strikes bar" pursuant to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

1

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Id.* at 1053.  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

In the complaint, Plaintiff alleges that the Classification Staff Representative ("CSR") at North Kern State Prison used his pre-CDCR custodial conduct make a classification decision increasing Plaintiff's custody points, without a hearing or legal basis, in violation of Plaintiff's due process rights and CDCR policies and regulations.  As a result, Plaintiff's Level 3 Override Placement was denied, and Plaintiff was endorsed to Kern Valley State Prison ("KVSP"), a Level 4, 180 Design, high security prison, where Plaintiff alleges he does not meet the classification criteria for housing.  Plaintiff has been housed at KVSP since November 13, 2024.  On June 6, 2025, while housed at KVSP, Plaintiff alleges that he was violently assaulted by several inmates,

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Randle v. Contra Costa Cty. Sheriff's Dept.*, Case No. 3:23-cv-05456-JSC (N.D. Cal.) (dismissed on April 22, 2024 for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim); (2) *Randle v. Contra Costa Cty. Conflicts Panel*, Case No. 3:24-cv-00323-JSC (N.D. Cal.) (dismissed on May 28, 2024 for failure to state a claim); (3) *Randle v. Contra Costa Cty. Sheriff's Dept.*, Case No. 3:24-cv-02099-JSC (N.D. Cal.) (dismissed on July 23, 2024 for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim); (4) *Randle v. Moreno*, Case No. 1:25-cv-00230-JLT-EPG (E.D. Cal.) (dismissed on December 4, 2025 for failure to exhaust on the face of the complaint).

[2] At this time, the Court expresses no opinion regarding the merits of Plaintiff's allegations.

for reasons unknown, resulting in serious bodily injuries and hospitalization from June 6 to June 9, 2025.  Plaintiff contends that the assault and resulting injuries were the direct and foreseeable result of the improper classification decision, which placed Plaintiff at a security level known to create a substantial risk of serious harm.  Plaintiff alleges that his due process rights were violated again when he was recommended to be transferred to a Level 3 Facility during his October 15, 2025, annual review, but CDCR failed to approve or deny the placement within 60 days, or to give him a decision before his next annual review.  (ECF No. 1.)

Based on the allegations in the complaint, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  Although Plaintiff alleges that he was violently assaulted by several inmates on June 6, 2025, while improperly housed at KVSP, Plaintiff states that the assault was committed "for reasons unknown."  (ECF No. 1, p. 6.)  Aside from the conclusory assertion that housing him at a Level 4 prison, despite his eligibility for a lower level facility, poses a "known substantial risk of serious harm failing to protect Plaintiff, from inmate violence," (ECF No. 1, p. 8), Plaintiff does not allege that he is in imminent danger of serious physical injury.  Plaintiff alleges that he was assaulted by other inmates once over the course of more than a year at KVSP and that the reasons for the prior assault are not known, and he does not allege that there is any likelihood of assault by the same or any other inmates if he continues to be housed at KVSP or any other Level 4 facility.

Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 7), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

3

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 25, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE